IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREENTHREAD, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ON SEMICONDUCTOR CORPORATION and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC,<br><br>    Defendants. | Civil Action No. 23-443-RGA |

MEMORANDUM ORDER

Before me is Defendants' Motion to Dismiss Plaintiff's Inducement of Infringement Claim in the First Amended Complaint for Failure to State a Claim. (D.I. 14). I have considered the parties' briefing. (D.I. 15, 16, 18).

To succeed on a claim of induced infringement, "the patentee must show, first, that there has been direct infringement, and second, that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *MEMC Electr. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005) (cleaned up). In other words, "a plaintiff must prove the following elements: (1) direct infringement, (2) knowing inducement of infringement, and (3) specific intent to encourage another's infringement." *LiTL LLC v. Lenovo (United States), Inc.*, 2022 WL 610739, at *7 (D. Del. Jan. 21, 2022). "To prove the second element, "knowing inducement of infringement," it logically follows that a plaintiff must prove the following sub-elements: (a) knowledge of the patent(s); (b) knowledge of the direct infringement of the patent(s); (c) action(s) taken to induce infringement; (d) knowledge the action(s) would induce the direct infringement; and (e) some

1

causal link between the inducing acts and the direct infringement." *Id.* (citations omitted). "At the pleading stage, a plaintiff must allege facts that would allow a factfinder plausibly to conclude each of these elements and sub-elements is satisfied." *Id.*

The First Amended Complaint ("FAC") (D.I. 13) is the operative complaint. Defendants contend it contains insufficient factual allegations to show: (1) direct infringement by a third party, (2) Defendants' knowledge of that direct infringement, and (3) Defendant's specific intent to encourage said third party's direct infringement. (D.I. 15 at 1). I agree.

The FAC discusses Greenthread's induced infringement claim in only three paragraphs, none of which mention direct infringement by a third party, knowledge of infringement, or specific intent:

> 32. Further, in concert with others, including ON Semiconductor authorized distributors and customers, ON Semiconductor caused or induced infringing accused products to be made, used, offered to be sold, sold within the United States, and/or imported into the United States. ON Semiconductor has knowledge of the Greenthread patents at least through the service of the Complaint.
>
> [40, 47]. As alleged above, ON Semiconductor induced infringement of at least one claim of [Greenthread's patents] by designing and marketing infringing products for sale, sue, and importation into the United States.

(D.I. 13 ¶¶ 32, 40, 47). The only element addressed is Defendants' knowledge of the Greenthread patents. Greenthread instead relies on an infringement chart analyzing infringement of Greenthread's asserted patents by Defendants' AR0820AT product, alleged to be an exemplary product.[1] (D.I. 13, Ex. 4; *see id.* ¶¶ 15, 33). Even "viewed in the light most favorable to the complainant," these allegations do not plausibly establish the challenged elements of

---

[1] All claims of both asserted patents are "device" claims. (*See* U.S. Patent No. 10,510,842, 4:45–6–27; U.S. Patent No. 11,121,222, 4:39–8:39).

Greenthread's induced infringement claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

In its answering brief, Greenthread expounds on its induced infringement position. (D.I. 16 at 6–9). A party cannot use a brief to remedy deficiencies in the allegations of a complaint. Thus, I do not need to decide whether a complaint making the allegations present in Greenthread's answering brief would be sufficient. All I need to decide is that it is plausible that Greenthread's pleading deficiencies are curable. Thus, I will grant Greenthread the opportunity to amend its complaint.

For the reasons set forth above, Defendants' Motion to Dismiss Greenthread's induced infringement claims (D.I. 14) is **GRANTED**. Greenthread has leave to amend, so long as it does so within fourteen days.

IT IS SO ORDERED.

Entered this 15 day of November, 2023

_____
United States District Judge