

May 2, 2024

VIA E-FILING
The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street
Room 6325; Unit 9
Wilmington, DE 19801-3555

RE:     ***Greenthread, LLC v. ON Semiconductor Corporation, et al.***
        **C.A. No. 23-cv-443-RGA-LDH**
        ***Greenthread, LLC v. Monolithic Power Systems, Inc.***
        <u>**C.A. No. 23-cv-579-RGA-LDH**</u>

Dear Judge Andrews,

Plaintiff ("Greenthread") writes in response to the Court's Oral Orders (D.I. 88, 68, respectively) to provide the Court with more detail and an update prior to the Court's May 10, 2024 compliance date.

Greenthread itself does not object to making public in their entirety the agreements referenced in the Court's Oral orders, except as to banking information. However, each of the agreements contain contractual provisions requiring Greenthread to keep the agreements confidential. The agreements do not contain exceptions for partial disclosures and Greenthread is concerned that it could be sued by the counter parties to the agreements if it did not redact them in their entirety. Greenthread believes that fear and the declaration from its president attesting to the confidentiality of the agreements, D.I. 74, satisfied the Court's requirement for "a compelling reason, supported by a statement under oath" for sealing a document in its entirety. D.I. 67.

Additionally, Greenthread believes that full redaction was appropriate, because the Patent Trial and Appeal Board previously found that Greenthread's agreements with RPX should be sealed entirely. *See, e.g., Samsung Electronics Co., Ltd. v. Greenthread LLC*, IPR2020-00289 Paper 12 at 4 (July 10, 2020) ("After reviewing the written Agreements, we find the Agreements contain business confidential information regarding the terms of the settlement and good cause exists to treat the Agreements as business confidential information under 35 U.S.C. § 317(b)"); *Intel Corp. v. Greenthread LLC*, IPR2023-00420 Paper 10 at 3 (May 18, 2023) ("After reviewing each of the Settlement Agreements, we find that the Settlement Agreements contain confidential business information regarding the terms of settlement.").

More generally, the Federal Circuit has approved the sealing of license agreements that parties treat as confidential. For example, in reviewing a denial of a motion to seal, the Federal Circuit has said that "there is no public interest or entitlement to information concerning consideration for the grant of licenses" and that the district court made an "error of law in making a blanket ruling that the public has a broad right to licensing information relating to

patents." *Uniloc USA, Inc. v. Apple Inc.*, 25 F.4th 1018, 1024 (Fed. Cir. 2022). Accordingly, Greenthread believes that sealing the license agreements in their entirety was an appropriate way to abide by the contract terms. Again, Greenthread itself has no incentive for keeping the information confidential (except banking information) or desire to do so, except to comply with the agreements' confidentiality terms and avoid ancillary lawsuits with Greenthread's counter parties.

Greenthread has been especially cautious about publicly filing anything containing information in the RPX agreements, because RPX has been very selective in when it would permit Greenthread to disclose the terms of the agreements, absent a court order. For example, in May 2023, in this this case, OnSemi requested that its in-house counsel be able to see the RPX license. Ex. A at 2-3. Greenthread did not object and requested RPX's permission to share the agreements with in house counsel. RPX replied: "*RPX's business information is extremely sensitive, and we cannot consent to the disclosure of the RPX Licenses to in-house counsel. Please do not share the RPX Licenses with OnSemi's in-house counsel.*" (emphasis added). *Id.* at 2.

Five months later, in October 2023, OnSemi again requested that its in-house counsel be able to see the agreements. Again, Greenthread sought RPX's permission, which it granted this time, with redactions. *Id.* at 1. RPX did not explain why its position had changed.

In other cases, RPX granted Greenthread permission to produce the agreements as "attorneys eyes only" only after reviewing the applicable protective orders or local rules *and* the specific outside counsel who would have access to the licenses. *See, e.g.* Ex. A at 6 ("As for the following two litigations, please withhold disclosure of the Greenthread – RPX Agreements until the defendants have hired OC [outside counsel] to represent them in these litigations."); *Id.* at 3 ("You asked us to wait to find out who counsel would be in *Greenthread v. Omnivision*, 23-cv-00212 (EDTX). We just learned that David Bluestone of Barack Ferrazzano will be representing them. Please let us know if we can share the RPX licenses with him.").

Additionally, the Court is correct that RPX supplied the initial draft of the parties' agreements, that it is common practice to re-use contractual language in similar agreements, and that much of RPX's initial proposals is reflected in the final agreements. In that sense, the RPX agreements are largely boilerplate. However, the fact that a term may be boilerplate in this sense does not mean that a party cannot treat the term as confidential. For example, RPX may have different contract forms it uses in different contexts and may wish to keep that confidential. Regardless, the fact that a term is boilerplate does not mean that Greenthread could disclose the terms publicly without fear of being sued by RPX.

In all events, Greenthread negotiated material variations from the terms RPX initially proposed. Therefore, the contracts are not entirely boilerplate. Again, Greenthread does not object to disclosing the license terms, but has tried to maintain their confidentiality to comply with its contract with RPX and avoid litigation.

The Bloomberg article the Court cites, naming a Greenthread licensee, was the result of a filing of the USPTO Director in IPR proceedings, in spite of Greenthread's compliance with its

confidentiality obligations.  Greenthread filed its Director Review petition at the USPTO under seal, because it contained discussions of the RPX agreements and a specific Greenthread licensee.  As part of the relatively new Director Review process, the Office requires parties seeking director review to email the Director's office with a copy of the petition.  Greenthread did so and included a short summary of its argument in the email.  The Director then filed Greenthread's email, (but not Greenthread's sealed petition), on the docket publicly shortly after Greenthread sent it.  The filing of the email was not part of any other filing by the Director—the filing was just the email—and Greenthread does not know why the Director filed it publicly.  Since the filings themselves were under seal, the Director's decision to make public Greenthread's email took Greenthread by surprise.

The Director's filing of the email appears to be the source of the Bloomberg article.  The article refers to what "Greenthread's counsel said in an email to PTO Director Kathi Vidal" and notes that Greenthread's Director Review petitions "were filed under seal."  Ex. B.  Afterwards, Greenthread continued to redact the name of the licensee from filings here and in parallel cases, to avoid any false accusation that Greenthread had been responsible for the dissemination of the confidential information and minimize exposure of the information.  Again, Greenthread itself has no objection to identifying any of its licensees or the terms of its licenses, except as necessary to comply with its contractual obligations and avoid litigation.

With respect to the Court's order for redactions, Greenthread has informed its counter parties of the Court's order.  Two of the parties, other than RPX, have responded requesting additional redactions.  In both cases, the parties requested to redact the license fee and in one case the party requested to redact the name of the specific subsidiary who paid the fee.  RPX has not responded to Greenthread's notification.  On the deadline set by the Court, Greenthread intends to file copies redacting only banking information and the information specifically requested by the counter parties.  However, Greenthread does not affirmatively advocate for these redactions.  Greenthread proposes the redactions merely to avoid potential disputes with the counterparties.

In light of all of the forgoing, Greenthread respectfully requests that the Court reconsider whether it will hold a hearing to show cause or require Greenthread to publicly name an attorney involved in this issue.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (Via E-Filing)